O’Neakd, J.
The two first grounds of the motion may be considered together; for, notwithstanding the first ground presents a distinct question whether Dr. Leith, as the defendant in the cause, was competent, yet it will not be necessary to decide that question, if we should be of opinion that, even if he was a competent witness, still that his testimony, as well as that of the other witnesses mentioned in the second ground, is inadmissible.
It certainly is too late to be now disputed that parol evidence is inadmissible to explain a will, except in the single case where there is a latent ambiguity. In such a case, the ambiguity is always created by parol, *20 and may be removed by parol. There is no ambiguity in the clause of the will under consideration; the testator’s words must declare his intention. They are to be construed by *the Court and if there is any doubt as to the'eonstruction, it must be decided and removed by legal rules, and not by parol evidence. The testimony proposed to be given by Dr. Leith and the other witnesses, was clearly inadmissible, and was property rejected by the Chancellor.
On the third ground, involving a construction of the clause of the testator’s will, under which the plaintiff claims, I agree with the Chancellor, that the plaintiff is entitled to an annuity of one hundred and fifty dollars. The reasons of the Chancellor are perfectly satisfactory to my mind, and I will add to them a single authority with a few additional remarks. In Ivy v. Gilbert, 2 Pr. Wms. 19, the Lord Chancellor said ; “ The natural meaning of raising a portion by rents, issues and profits, is by the yearly profits.” If this be so, does not the same meaning most clearly apply to the words used in the will under consideration, “ the profits or moneys arising out of my estate.” They seem naturally to imply a fund which would not break on the capital, such as annual rents or interest. For they must “arise out of,” spring from, or be produced by it. The sum bequeathed is for maintenance. The legal import of maintenance is, support from time to time, and in the case of minors, whose maintenance is provided by trustees, the rule is well settled; that the interest on money at interest, or the annual profits of an estate is the proper fund out of which it is to be allowed. Construing the testator’s will, in reference to these known rules of law, and supposing him to have employed his words intending that they should be explained and understood according to their legal meaning, there can be no difficulty in concluding that he intended to give to his son, the plaintiff, an annuity of one hundred and fifty dollars, In the absence of everything in the will to show that the testator used words having a fixed legal meaning, in a different sense, we are compelled to conclude, that he used them in their proper legal sense.
Is is therefore ordered and decreed, that the Chancellor’s decree be affirmed.
Johnson and Harper, Js., concurred.